IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUOGLAS VARGAS GUITERREZ,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, MCCOOK, DIRECTOR, D.H.S, DIRECTOR, USICE, and DIRECTOR, OMAHA FIELD OFFICE,<br><br>Respondents. | **8:26CV633**<br><br>**ORDER TO SHOW CAUSE** |

The Petitioner seeks immediate release from the custody of the Department of Homeland Security and ICE at the McCook Detention Center in McCook, Nebraska. Filing No. 1. Therefore, pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this Order, add Assistant U.S. Attorney Christopher L. Ferretti for the federal Respondents solely for the purpose of providing notice and so that the U.S. Attorney's Office may assign counsel of record and shall, after doing so, regenerate the filing for the petition.
2. The respondents shall, on or before **October 30, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.
3. The respondents' answer must include:

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

c. The government's position on whether an evidentiary hearing should be conducted

d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant; and

e. Copies of all documents referenced in Respondents' responsive brief or in a supporting declaration of a deportation officer, except that Respondents need not produce criminal case records not in their possession. For matters on appeal to the Board of Immigration Appeals, Respondents shall produce only the notice of appeal and any ruling from the BIA addressing the merits of the appeal;

4. The petitioner may reply in support of the petition on or before **November 9, 2026**.

5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 21st day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge