IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DUOGLAS VARGAS GUITERREZ,

Petitioner,

vs.

WARDEN, MCCOOK, DIRECTOR, D.H.S, DIRECTOR, USICE, and DIRECTOR, OMAHA FIELD OFFICE,

Respondents.

**8:26CV633**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Duoglas Vargas Guiterrez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination. The Court concludes that because Petitioner is subject to a final order of removal that has not been rescinded, he is not eligible to be released on bond.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela. Filing No. 9 at 3. He entered the United States without inspection on September 12, 2023. Filing No. 9 at 3. He was subsequently detained, issued a notice to appear for removal proceedings, and released on his own recognizance to await his court date. Filing No. 9 at 3.

On March 12, 2026, Petitioner failed to appear for his immigration court hearing was ordered removed in absentia by an immigration judge in Omaha, Nebraska. Filing No. 9 at 4. ICE encountered Petitioner on September 3, 2026, and arrested him pursuant to the order of removal. Filing No. 9 at 4.

It appears Petitioner attempted to appeal his order of removal on or around October 17, 2026, but his appeal was rejected for lack of filing fee or fee waiver request form. Filing No. 12 at 3–4.

On October 19, 2026, Petitioner filed a motion to reopen his in absentia removal order. Filing No. 9 at 4. The Immigration Judge denied the motion to reopen on October 24, 2026. Filing No. 9-5. Petitioner filed a notice of appeal from the Immigration Judge's denial of his motion to reopen on October 27, 2026. Filing No. 11 at 9–10. The record does not reveal the status of this appeal.

Petitioner files for habeas corpus relief, arguing he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner has been ordered removed. Once a non-citizen has been ordered removed, "[d]uring the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Thus, this Court has no authority to order release of an alien subject to a final order of removal.

Petitioner argues he was not aware of the immigration court date at which he was ordered removed in absentia and has moved to reopen his removal proceedings on that basis. A lack of notice may provide a basis for recission of Petitioner's removal order. *See* 8 U.S.C. § 1229a(b)(5)(C) (vesting the authority to rescind a removal order in the immigration judge in certain enumerated circumstances including a lack of notice). However, the immigration judge denied Petitioner's motion to reopen and the removal order thus remains in effect. While it appears Petitioner has appealed the denial of his motion to reopen, there is no assertion or evidence that the BIA has ordered Petitioner's removal order rescinded. Thus, at the present time, Petitioner is subject to a valid removal order and because of such order, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). The Court lacks authority to order Petitioner's release as he seeks.

As Respondents note, there is also a potential issue based on the length of Petitioner's post-removal order detention, but this argument must fail at the present time.

Once an alien has been ordered removed, he or she is subject to mandatory detention during the initial ninety-day removal period. 8 U.S.C. § 1231(a)(6). If the alien is not removed after this ninety-day removal period, release is not automatic. Rather, the United States is allowed to determine if further detention is warranted or if the individual should be released under supervision. 8 C.F.R. § 241.4(i). However, the Supreme Court has determined that an alien may not be detained indefinitely beyond the removal period. Examining the legislative history, the Court found congressional intent that detention of less than six months is generally acceptable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Beyond this six-month period, "once the alien provides good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

First, Petitioner does not advance a *Zadvydas* argument in his Petition and does not argue the length of his detention requires release, and for that reason alone the Court cannot grant him relief on that basis. Second, however, even if the Court were to construe his Petition as asserting a *Zadvydas* claim, he has been detained subject to a final removal order for less than ninety days, placing him squarely within the mandatory post-removal detention period.

Should the BIA rescind Petitioner's in absentia removal order, his prior order of release on recognizance would require his release, absent a bond hearing demonstrating changed circumstances warranting his detention. Likewise, should Petitioner remain detained for more than sixth months, he may assert a *Zadvydas*-based habeas corpus claim, keeping in mind that he bears the burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Absent either of these occurrences, however, the law requires Petitioner's detention.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. The Court will enter a separate judgment.

Dated this 10th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge